**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 04-4985**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DANIEL DUPREE-BARTON FOSTER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Claude M. Hilton, Chief District Judge.  (CR-04-172)

Submitted:  November 18, 2005          Decided:  January 4, 2006

Before NIEMEYER and WILLIAMS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed in part; vacated and remanded in part by unpublished per curiam opinion.

Steven D. Briglia, BRIGLIA & HUNDLEY, PC, Fairfax, Virginia, for Appellant.  Paul J. McNulty, United States Attorney, Michael E. Rich, Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

A jury convicted Daniel Dupree-Barton Foster of possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (West 2000 & Supp. 2005). Foster was sentenced to forty-six months in prison. He now appeals. We affirm the conviction but vacate the sentence and remand for resentencing.

I

Foster first contends that the evidence was insufficient to convict him. "A defendant challenging the sufficiency of the evidence to support his conviction 'bears a heavy burden.'" United States v. Beidler, 110 F.3d 1064, 1067 (4th Cir. 1997) (quoting United States v. Hoyte, 51 F.3d 1239, 1245 (4th Cir. 1995)). In deciding whether sufficient evidence supports a conviction, we consider whether, taking the evidence in the light most favorable to the Government, substantial evidence supports the verdict. Glasser v. United States, 315 U.S. 60, 80 (1942). We review both direct and circumstantial evidence and permit "the [G]overnment the benefit of all reasonable inferences from the facts proven to those sought to be established." United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982). Witness credibility is within the sole province of the jury, and we will not reassess the credibility of

testimony. United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).

To sustain a conviction under § 922(g)(1), the Government must establish that: the defendant was a convicted felon; he knowingly possessed the firearm; and the firearm traveled in interstate commerce. United States v. Langley, 62 F.3d 602, 606 (4th Cir. 1995) (en banc). Here, Foster stipulated that he was a convicted felon and that the ammunition and firearm had the requisite nexus to interstate commerce. The issue, then, was whether there was substantial evidence establishing possession.

At trial, Arlington County, Virginia, Detective Darien Cupka testified that on January 3, 2003, he attempted to stop a Buick. The driver of the Buick disregarded Cupka's repeated instructions to stop the car, and a chase ensued. At one point, the driver, Jonathan Baranowski, lost control of the car, which spun, hit a sign post, crossed a median, and came to a stop. The passenger pointed a black semiautomatic handgun at Cupka. Cupka identified Foster as the passenger. The driver gained control of the car, which proceeded south in the northbound lane of a major road toward Crystal City. Soon, a police dispatcher broadcast that an off-duty officer had located a vehicle at Crystal City from which two suspects had fled. Cupka drove to Crystal City, where he met the officer. He testified that no more than three minutes

elapsed between the time the Buick left the scene and his arrival at Crystal City.

Officer Philip Mulvaney testified that he was in his personal car when he observed the Buick driving recklessly. He decided to follow the Buick, which parked in front of a dumpster in Crystal City. Mulvaney parked his car nearby. He noticed that two men were inside the Buick. Mulvaney heard a metallic sound, then saw the two men running from the Buick. He identified Foster and Jonathan Baranowski as the two men. When Cupka arrived, he and Mulvaney walked to the dumpster. Inside the virtually empty dumpster, they saw a black semiautomatic handgun resembling the gun that Foster had pointed at Cupka. Forensic tests showed that it was a loaded Hi Point 9 millimeter semiautomatic.

Carlita Tuck testified that she had pled guilty to making false statements in connection with the acquisition of a handgun. She stated that she had purchased four handguns, which she had given Anthony Baranowski. Anthony Baranowski is the brother of Jonathan Baranowski. The handguns were all Hi Point 9 millimeter semiautomatics.

This testimony was sufficient to convict Foster. Cupka testified that Foster pointed a black semiautomatic handgun at him from inside a Buick. Minutes later, Mulvaney heard a metallic sound and saw Foster and Baranowski running from the Buick.

Mulvaney and Cupka then discovered a gun matching the description of the one that Foster had pointed at Cupka in a nearby dumpster.[1]

II

Foster also claims that his forty-six month sentence violates the rule announced in United States v. Booker, 125 S. Ct. 738 (2005). Because Foster raised this Sixth Amendment claim below, our review is de novo. See United States v. Mackins, 315 F.3d 399, 405 (4th Cir. 2003).

Foster's base offense level was fourteen. See U.S. Sentencing Guidelines Manual § 2K2.1(a)(6) (2003). Two levels were added for obstruction of justice for reckless endangerment because Foster pointed a gun at a law enforcement officer. See USSG § 3C1.2. Foster's total offense level was 16, his criminal history category was V, and his guideline range was 41-51 months. Without the enhancement, Foster's total offense level would have been 14,

---

[1]Several months after trial, the Government informed defense counsel that Tuck had told the Government that she had lied at Foster's trial. Tuck had purchased the guns but had given them to Earl Moore. Moore told her that he then transferred one of the guns to Anthony Baranowski. Anthony Baranowski informed the Government that he purchased the gun from Moore on Foster's behalf.

Foster contends that Tuck's admitted perjury casts doubt on the sufficiency of the evidence to the extent that reversal is required. We disagree. Custody of the gun prior to Foster's possession of it is perhaps of some interest, but irrelevant to the fact that Cupka identified Foster as the person who pointed the gun at him. Had Tuck not testified, Foster's conviction would stand, for possession is established through Cupka's and Mulvaney's testimony alone.

and his guideline range would have been 33-41 months in prison. Because Foster's sentence of forty-six months' imprisonment exceeds the maximum authorized by the facts found by the jury, there was a Sixth Amendment violation requiring resentencing. See United States v. Evans, 416 F.3d 298, 300 (4th Cir. 2005).[2]

## III

We accordingly affirm Foster's conviction but vacate his sentence and remand for resentencing in accordance with Booker.[3] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
VACATED AND REMANDED IN PART

---

[2]As we have stated, "We of course offer no criticism of the district judge, who followed the law and procedure in effect at the time of [Foster's] sentencing." United States v. Hughes, 401 F.3d 540, 545 n.4 (4th Cir. 2005).

[3]Although the sentencing guidelines are no longer mandatory, Booker makes clear that a sentencing court must still "consult [them] and take them into account when sentencing." 125 S. Ct. at 767. On remand, the district court should first determine the appropriate sentencing range under the guidelines, making all factual findings appropriate for that determination. See United States v. Hughes, 401 F.3d at 546. The court should consider this range along with the other factors identified at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2005), and then impose a sentence. Id. If that sentence falls outside the guideline range, the court should explain its reasons for imposing a non-guideline sentence as required by 18 U.S.C.A. § 3553(c)(2). Id. The sentence must be "within the statutorily prescribed range . . . and reasonable." Id. at 546-47.

- 6 -